**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1478 PSG (MANx) | Date | May 19, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Association. v. Marcial E. Gutierrez, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present                                         Not Present

**Proceedings:**   **(In Chambers) Order Remanding Case to State Court**

In or around February of 2011, Plaintiff Federal National Mortgage Association ("FNMA") filed this unlawful detainer action in state court against Defendants Marcial Gutierrez and Paulina Garcia ("Defendants"). On February 17, 2011, Defendant removed the action to this Court. The Court now remands for lack of subject matter jurisdiction.[1]

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The Court observes, first, that there is no federal question jurisdiction here. The presence or absence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392,

---

[1] Because the Court concludes that it must remand this case to state court for lack of subject matter jurisdiction, Defendants' *Ex Parte* Application for a Preliminary Injunction is MOOT. *See* Dkt. #6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1478 PSG (MANx) | Date | May 19, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Association. v. Marcial E. Gutierrez, *et al.* | | |

107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leashold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Here, FNMA's cause of action is for unlawful detainer under state law, and a writ of possession and notice to vacate have already issued. Thus, no federal question is presented on the face of the complaint.

Although the Defendants raises 42 U.S.C. § 1981 and § 1982, among others, in defense, the Court lacks jurisdiction over those as well. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Rec. Programs,* 2008 U.S. Dist. LEXIS 36074, 3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removability of a case.").

In addition, the Court observes that there is no diversity jurisdiction here. Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *See Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332. "Complete diversity" means that all plaintiffs must have citizenship different than all defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). The Notice of Removal claims that FNMA is based in Washington, D.C., but that Defendants are unable to locate its principal place of business. *See Notice of Removal* ¶¶ 32-34. However, the Court notes that "[c]orporations incorporated under federal law are not 'citizens of a State' and therefore cannot be parties to diversity actions . . . at least where their operations are not confined to a single state." William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial (2010) § 2:317; *Hancock Fin'l Corp. v. Federal Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) (affirming district court's dismissal of case for lack of subject matter jurisdiction and "hold[ing] that because the FSLIC is an agency and instrumentality of the federal government it is not a citizen of any particular state for diversity purposes"); see also *Fed. Nat'l Mortg. Assoc. v. LeCrone*, 868 F.2d 190, 194 (6th Cir.1989) ("We express doubt whether FNMA can sue or be sued on the basis of diversity jurisdiction."). Thus, Defendants have not carried the burden of establishing subject matter jurisdiction based on diversity. *See Gaus,* 980 F.2d at 566.

Finally, the Notice of Removal also relies on 28 U.S.C. § 1443(1), which allows removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1478 PSG (MANx) | Date | May 19, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Association. v. Marcial E. Gutierrez, *et al.* | | |

of an action commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all person within the jurisdiction thereof." The Supreme Court, however, has given this statute a restrictive interpretation. In two related cases in 1966, *Georgia v. Rachel*, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and *Greenwood v. Peacock*, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966), the Court set out the narrow parameters of this right. First, the removal petitioner must allege, as a defense, "rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Sandoval v. City of Los Angeles*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Georgia*, 384 U.S. at 788-92; *Greenwood*, 384 U.S. at 824-27). Second, the removal petitioner must allege "that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice." *Id.* (citing *Georgia*, 384 U.S. at 794-804; *Greenwood*, 384 U.S. at 827-28).

Defendants' only basis purportedly justifying § 1443 removal is that the California Superior Court "operate[s] based on an institutionalized predetermination for the outcome reflect[ing] a pervasive state statutory program expressly designed to deny Hispanic-surname Defendants their equal constitutional rights." *Notice of Removal* ¶ 51. This sweeping statement is based on the availability of forms in English, as opposed to other languages, *see id.* ¶¶ 52, 55, the California "civil code procedures," *see id.* ¶ 56, and California Civil Code § 1714.10, which addresses the liability of parents and guardians for a minor's conduct, *see id.* ¶ 77. Simply put, Defendants have wholly failed to show that some "formal expression of state law" makes it unlikely that they will be denied federal civil rights in state courts. *Georgia*, 384 U.S. at 803.

For the foregoing reasons, Defendants have failed to establish the propriety of federal question, diversity or § 1443 removal. Accordingly, the Court REMANDS this action to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**